IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 1:16-cv-02351-RBJ
(consolidated)

GREGORY BELL;
JOSE ACEVEDO; and
DENISE DURBIN, individually and as parent and next
friend of K.D. and B.D.; for themselves and on behalf of
all others similarly situated,

Plaintiffs,

v.

THE 3M COMPANY (f/k/a Minnesota Mining and
Manufacturing Co.); and TYCO FIRE PRODUCTS,
L.P., successor-in-the interest to The Ansul Company,

Defendants.

### STIPULATION OF DISMISSAL WITHOUT PREJUDICE AND TOLLING AGREEMENT

By and through their undersigned counsel, Plaintiffs (individually and as representatives of the putative class in the above-captioned action) and Defendant Buckeye Fire Equipment Company ("Buckeye") hereby enter into this Stipulation of Dismissal Without Prejudice and Tolling Agreement (the "Agreement"), pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

### RECITALS

WHEREAS, Plaintiffs currently serve as Class Representatives in the putative class action pending against Buckeye in the matter of *Bell, et al. v. The 3M Company, et al.*, in the United

1

States District Court for the District of Colorado, Civil Case No. 1:16-cv-02351-RBJ ("the Lawsuit"), alleging certain claims in connection with Buckeye's aqueous film forming foam ("AFFF") product;

WHEREAS, Plaintiffs represent and warrant that they are presently unaware of any evidence showing any sales, shipments, use, storage, or presence of any Buckeye AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport;

WHEREAS, Buckeye represents and warrants that it is presently unaware of any sales, shipments, use, storage, or presence of any of its AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport;

WHEREAS, the Parties have reached an agreement, the terms of which are set forth herein, which will result in Buckeye being dismissed from the Lawsuit without prejudice, subject expressly to the terms of this Agreement;

WHEREAS, on August 24, 2017, the Honorable R. Brooke Jackson appointed David P. Hersh as Lead Counsel for the putative class in the above-captioned action;

WHEREAS, on November 14, 2017, the Honorable R. Brooke Jackson appointed Paul J. Napoli as Liaison Counsel for the putative class in the above-captioned action;

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties, intending to be legally bound, hereby agree as follows:

## TERMS

1. **Effective Date**.  This Agreement shall be effective as of the date entered by the Court.

2.     **Agreement**.  Plaintiffs hereby voluntarily dismiss Buckeye from the Lawsuit, without prejudice, as of the Effective Date.

3.     **Period of Tolling**.  In exchange for such dismissal, Buckeye agrees that any and all limitations of action time periods, statutes of limitations, and/or statutes of repose for the claims advanced in the Lawsuit are tolled, suspended, and stayed as of the Effective Date of this Agreement for a period (the "Tolling Period") of eighteen months (through and including the date that is eighteen months after the Effective Date).  This Agreement, however, does not revive any claims that have already expired.

4.     **Right to Terminate; Re-File**.  If, within the Tolling Period, Plaintiffs discover new evidence showing any sales, shipments, use, storage, or presence of any Buckeye AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport, or other evidence that gives rise to disputed factual issues regarding the use of Buckeye AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport, it is understood that Plaintiffs may terminate this Agreement and re-file the dismissed action.  Should Plaintiffs terminate this Agreement and re-file, the Parties agree that such action shall be filed as an amendment to the current lawsuit to re-name Buckeye as a party in the above-captioned litigation in the United States District Court for the District of Colorado and shall be assigned to the Honorable R. Brooke Jackson.  Prior to re-filing the dismissed action, Plaintiffs shall provide notice to Buckeye at least ten days prior to re-filing.

5.     **Relation Back; Waivers/Defenses**.  Any case that is re-filed against Buckeye during the Tolling Period shall be deemed by the terms of this Agreement to relate back to September 22, 2016, the date on which the Class Action Complaint was filed in *Davis, et al. v.*

*The 3M Corporation, et al.*, in the United States District Court for the District of Colorado, Civil Case No. 1:16-cv-02394-RBJ.  *See* ECF No. 1.  Nothing in this Agreement shall be deemed a waiver of any arguments or defenses existing as of the Effective Date of this Agreement, including but not limited to any prior defenses based on the timeliness of the claims such as defenses based on statutes of limitation and statutes of repose.  The Parties hereto agree that any prior depositions taken and written discovery and documents exchanged prior to this dismissal may be used by the parties in any re-filed action.  Upon re-filing, Plaintiffs' counsel and counsel for Buckeye shall meet and confer with each other and with other parties' counsel in this action and attempt to agree upon an appropriate scheduling order for the re-inclusion of Buckeye, including any time needed for additional discovery or motion practice.

      6.      **Waiver/Acceptance of Service**.  Should Plaintiffs re-file suit against Buckeye, the Parties agree that undersigned counsel for Buckeye shall waive and accept service on behalf of Buckeye.

      7.      **Modifications; Extensions**.  This Agreement constitutes the entire agreement between the Parties on the issues addressed herein and may not be modified, altered, or amended except by a writing signed by or on behalf of the Parties to this Agreement.  This Agreement may be extended by further written agreement signed by or on behalf of the Parties.

      8.      **Authority**.  Each undersigned Party entering into and executing this Agreement represents, warrants, and states that such Party has the full authority and legal power to do so and that the individuals whose signatures appear below on behalf of each Party are duly authorized to execute this Agreement on behalf of their respective Parties.

9. **Multiple Counterparts**. This Agreement may be executed in counterparts and/or by facsimile or PDF electronic mail, and each such counterpart shall be considered an original and together with the others shall constitute one and the same instrument.

10. **Governing Law**. This Agreement shall be construed and governed in accordance with the laws of the State of Colorado.

11. **Notices**. Notices pursuant to this Agreement shall be given both via electronic mail (where indicated below) and in writing addressed as follows:

**To Plaintiffs**:

David P. Hersh
**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, Colorado 80112
E-Mail:  dhersh@burgsimpson.com

Paul J. Napoli
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, New York 10017
E-Mail:  pnapoli@napolilaw.com

**To Buckeye**:

Michael L. Carpenter
**Gray Layton Kersh Solomon Furr & Smith, P.A.**
516 S. New Hope Road
Gastonia, North Carolina 28052
E-Mail:  mcarpenter@gastonlegal.com

Ronald Hellbusch
**Lewis Brisbois Bisgaard & Smith, L.L.P.**
1700 Lincoln Street
Denver, Colorado 80203
E-Mail:  Ronald.hellbusch@lewisbrisbois.com

12. **Severability**.  Should any provision of this Agreement be declared invalid by a court of competent jurisdiction, such declaration shall not invalidate the remaining provisions of this Agreement, which shall be construed as nearly as possible to effectuate the original intentions of the Parties hereto based upon the entire Agreement, including the invalid provision.

**IN WITNESS WHEREOF**, the undersigned have duly executed and delivered this Agreement.

DATED at Denver, Colorado, this 28th day of November, 2018.

**Lead Class Counsel:**

**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**

*/s/ David P. Hersh*
David P. Hersh
40 Inverness Drive East
Englewood, Colorado 80112
E-Mail:  dhersh@burgsimpson.com

**Counsel for Buckeye**:

*/s/ Michael L. Carpenter*
Michael L. Carpenter
**Gray Layton Kersh Solomon Furr & Smith, P.A.**
516 S. New Hope Road
Gastonia, North Carolina 28052
E-Mail:  mcarpenter@gastonlegal.com

*/s/ Ronald Hellbusch*
Ronald Hellbusch
**Lewis Brisbois Bisgaard & Smith, L.L.P.**
1700 Lincoln Street
Denver, Colorado 80203
E-Mail:  Ronald.hellbusch@lewisbrisbois.com

**SO ORDERED**:

DATED at Denver, Colorado, this 30th day of November, 2018.

BY THE COURT:

*[signature: Brooke Jackson]*

United States District Court Judge